**BLANK ROME LLP**
*A Pennsylvania LLP*
David C. Kistler
Michael A. Iannucci
Megann E. Gibson
300 Carnegie Center, Suite 220
Princeton, NJ  08540
Phone:  609.750.2643
Fax:  609.897.7291
Kistler@BlankRome.com
Iannucci@BlankRome.com
Gibson@BlankRome.com
*Attorneys for Defendants*
*Chad Schwartz; Ahead Engineering LLC;*
*Far Field Telecom LLC; Kyle McGinley;*
*Daniel Hernandez; and Ryan Waldron*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SCHERER DESIGN GROUP, LLC,<br><br>Plaintiff,<br><br>v.<br><br>CHAD SCHWARTZ; AHEAD ENGINEERING LLC; FAR FIELD TELECOM LLC; KYLE McGINLEY; DANIEL HERNANDEZ; and RYAN WALDRON,<br><br>Defendants. | Civil Action No. 3:18-cv-03540-AET-DEA<br><br>*Electronically Filed* |

### DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S
### MOTION TO DISMISS COUNTS II AND III OF THE COUNTERCLAIM

**TABLE OF CONTENTS**

**Page**

I.   PRELIMINARY STATEMENT ...........................................................................................1
II.  LEGAL STANDARD..........................................................................................................2
III. SDG IGNORES THAT THE AMENDED COUNTERCLAIM SPECIFICALLY ALLEGES THAT SDG MADE STATEMENTS TO THIRD PARTIES OUTSIDE THE SCOPE OF LITIGATION .........................................................................3
IV.  DEFENDANTS' CLAIMS FOR PUBLIC DISCLOSURE OF PRIVATE FACTS AND FALSE LIGHT INVASION OF PRIVACY ARE LEGALLY SUFFICIENT ......................................................................................................................................5
V.   CONCLUSION....................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Apicella v. Hunter*,
   CV 16-3599, 2017 WL 1217148 (D.N.J. Apr. 3, 2017) ............................................................3

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................................2

*Connelly v. Lane Const. Corp.*,
   809 F.3d 780, 2016 WL 106159 (3d Cir. 016) .........................................................................2

*Devlin v. Greiner*,
   147 N.J. Super. 446 (Law. Div. 1977) ......................................................................................3

*Fleming v. United Parcel Serv., Inc.*,
   255 N.J. Super 108 (Law. Div. 1992) .......................................................................................3

*Fowler v. UPMC Shadyside*,
   578 F.3d 203 (3d Cir. 2009) ......................................................................................................2

*Genito v. Rabinowitz*,
   93 N.J. Super. 225 (App. Div. 1966) ........................................................................................3

*Hawkins v. Harris*,
   141 N.J. 207 (1995) ................................................................................................................3, 5

*Hedges v. United States*,
   404 F.3d 744 (3d Cir. 2005) ......................................................................................................2

*Citizens State Bank of N.J. v. Libertelli*,
   215 N.J. Super. 190 (App. Div. 1987) ...................................................................................3, 4

*Jacob B. v. County of Shasta*,
   154 P.3d 1003 (Cal. 2007) ........................................................................................................3

*Jaye v. Oak Knoll Village Condo. Owners Ass'n, Inc.*,
   CV 15-8324, 2016 WL 7013468 (D.N.J. Nov. 30, 2016) .........................................................3

*Kiernan v. Williams*,
   2006 N.J. Super. Unpub. LEXIS 1264 (App. Div. Aug. 23, 2006) ..........................................3

*Kimmel v. Goland*,
   51 Cal. 3d 202 (1990) ...............................................................................................................5

*Lath v. Oak Brook Condo. Owners' Ass'n*,
    16-CV-463, 2018 WL 566825 (D.N.H. Jan. 25, 2018) ............................................................3

*Lone v. Brown*,
    199 N.J. Super 420 (App. Div. 1985) ...................................................................................3

*Malleus v. George*,
    641 F.3d 560 (3d Cir. 2011)...................................................................................................2

*Only v. Ascent Media Grp., LLC*,
    CIV 06-2123, 2006 WL 2865492 (D.N.J. Oct. 5, 2006) ........................................................3

*Rainier's Diaries v. Raritan Val. Farms*,
    19 N.J. 552 (1955) .................................................................................................................3

*Scalzo v. Baker*,
    185 Cal. App. 4th 91 (Cal. Ct. App. Apr. 28, 2010)...............................................................5

*W.P. v. Princeton Univ.*,
    2016 U.S. Dist. LEXIS 180235 (D.N.J. Dec. 30, 2016) .........................................................6

*Williams v. Kenney*,
    379 N.J. Super. 118 (App. Div. 2005) ...................................................................................4

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).................................................................................................................2

**I.  PRELIMINARY STATEMENT**

As this Court is aware, the core of this dispute concerns competition between multiple businesses and certain individuals.  This backdrop is critical, as SDG's motion to dismiss asks this Court to sanction its conduct—illegally obtaining private and personal information from the Individual Defendants that formed the basis of its lawsuit.  Indeed, SDG asks this Court to cloak its illegal and improper conduct under the litigation privilege while brandishing the allegations in the Complaint as a sword in order to compete against the Defendants.  This attempted use of the litigation privilege is improper, and the motion should be denied.  Moreover, SDG's primary argument—that the Invasion of Privacy by Public Disclosure of Private Facts and False Light Invasion of Privacy claims are based upon statements found *solely* in a court-filed complaint or related court filings ignores Defendants' First Amended Counterclaim.  (ECF #23-1 at 9.)  Indeed, the First Amended Counterclaim makes clear that these claims are not "predicated exclusively," but are also, importantly, *based on communications SDG had with one if its major clients, Tilson*.  Specifically, Defendants alleged:

> 25.   For example, Defendants were engaged in conversations through the Messenger app about potential business with Tilson, after January 18, 2018, to provide engineering services on new products.
>
> 26.   On January 24, 2018 Schwartz and Hernandez met with a Program Manager at Tilson, who warmly described Defendants as "family" and promised to assign new projects to Defendants. However, no assignments were ever given to Defendants.
>
> 27.   On March 29, 2018, Schwartz and Hernandez met with the Program Manager, who informed them that the day after the initial January 24 meeting, Colleen Connolly had contacted a high ranking employee of Tilson.
>
> 28.   Upon information and belief, Connolly used information from the Messenger conversation to prevent Defendants from obtaining work with Tilson.
>
> 41.   SDG communicated private, personal, confidential and, in some instances, privileged communications between Defendants to a high ranking employee of Tilson.

> 50. SDG communicated private, personal, confidential and, in some instances, privileged communications between Defendants to a high ranking employee of Tilson, with inflammatory commentary which falsely portrays Defendants as dishonest and deceitful.

(ECF #28 at ¶¶ 25-28, 41, 50.)

Taking the well-pled Counterclaim as true, as this Court must for purposes of a motion to dismiss, SDG's motion should be denied.

## II. LEGAL STANDARD

When bringing a motion under Federal Rule of Civil Procedure 12(b)(6), the moving party bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 2016 WL 106159 (3d Cir. 016). Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Here, recognizing the express allegations in the First Amended Counterclaim requires that SDG's Motion to Dismiss Counts II and III of the Counterclaim be denied.

**III. SDG IGNORES THAT THE AMENDED COUNTERCLAIM SPECIFICALLY ALLEGES THAT SDG MADE STATEMENTS TO THIRD PARTIES OUTSIDE THE SCOPE OF LITIGATION**

It is black letter law that the litigation privilege is limited to statements published in a judicial proceeding.[1] In this regard, New Jersey applies a litigation privilege, protecting parties from claims arising from "any communication (1) ***made in judicial or quasi-judicial proceedings***; (2) by litigants or other participants authorized by; (3) ***to achieve the objects of the litigation***; and (4) that have some connection or logical relation so the action." *Hawkins v. Harris*, 141 N.J. 207, 216 (1995) (emphasis added). Importantly, this privilege "***does not extend to statements published outside of a judicial proceeding to persons not connected with it.***" *Citizens State Bank of N.J. v. Libertelli*, 215 N.J. Super. 190, 198 (App. Div. 1987) (emphasis added); s*ee also Kiernan v. Williams*, 2006 N.J. Super. Unpub. LEXIS 1264 at **20-23 (App. Div. Aug. 23, 2006) (denying motion to dismiss based on litigation privilege where it was ambiguous as to whether allegedly

---

[1] Importantly, ***none*** of the cases cited by SDG in support of its argument involve communications outside of a judicial proceeding. *See, e.g., Apicella v. Hunter*, CV 16-3599, 2017 WL 1217148, at *3 (D.N.J. Apr. 3, 2017) (applying litigation privilege where "Plaintiffs simply made allegations in their Complaint against Defendants and did not engage in further dissemination of the claims"); *Jaye v. Oak Knoll Village Condo. Owners Ass'n, Inc.*, CV 15-8324, 2016 WL 7013468 at *15 n. 25 (D.N.J. Nov. 30, 2016) (dismissing claim arising solely from conduct engaged during the course of state-court litigation); *Only v. Ascent Media Grp., LLC*, CIV 06-2123, 2006 WL 2865492, at *7 (D.N.J. Oct. 5, 2006) (applying litigation privilege to bar claims arising solely out of the Complaint); *Rainier's Diaries v. Raritan Val. Farms*, 19 N.J. 552, 563 (1955) (applying litigation privilege where libel action was based solely on information contained in verified petitions); *Lone v. Brown*, 199 N.J. Super 420, 427 (App. Div. 1985) (applying litigation privilege to claims predicated on dissemination of information contained in complaint, notice of appeal, and lis pendens); *Genito v. Rabinowitz*, 93 N.J. Super. 225, 229 (App. Div. 1966) (applying litigation privilege to libel claim "based upon the allegations of the complaint"); *Fleming v. United Parcel Serv., Inc.*, 255 N.J. Super 108 (Law. Div. 1992) (applying litigation privilege to slander claims predicated on complaint); *Devlin v. Greiner*, 147 N.J. Super. 446, 464-65 (Law. Div. 1977) (applying litigation privilege to testimony by witness in judicial proceeding); *Jacob B. v. County of Shasta*, 154 P.3d 1003, 1012 (Cal. 2007) (applying litigation privilege to letter submitted as evidence in court proceeding); *Lath v. Oak Brook Condo. Owners' Ass'n*, 16-CV-463, 2018 WL 566825 (D.N.H. Jan. 25, 2018) (applying litigation privilege where invasion of privacy claims were premised solely on information contained in court submissions).

defamatory statements were voiced in the courtroom or during separate press conference); *Williams v. Kenney*, 379 N.J. Super. 118, 135 (App. Div. 2005) (finding that "only element of the privilege in serious contention is whether the allegedly defamatory statements in the criminal brief filed by the defendant were reproduced [or] uttered . . . outside the context of the judicial proceedings by the defendant[] or his agents.").

In *Libertelli*, the Appellate Division explained why statements made outside of the judicial proceeding cannot be so immunized: "If publication outside the judicial proceeding were immune from suit a person need only file false and defamatory statements as judicial pleadings and then proceed to republish defamation at will under the cloak of immunity." *Libertelli*, 215 N.J. Super. at 198 (citation omitted). Importantly, "[p]ublications which take place outside of the judicial proceeding are not related to the parties' legitimate purposes in litigating or to the societal goal of enabling litigants to freely express themselves in court without fear of suit for defamation." *Id.* The court held that distribution of court-filed documents to the press or other interested persons is not subject to the judicial privilege, and that plaintiffs could not "claim an absolute immunity created to safeguard the judicial process on the thesis that relations with the press and public are a part of it." *Id.* at 199.

Here, Counts Two and Three of the Amended Counterclaim are not limited to statements published in the Complaint as SDG represents to this Court. (ECF #22-1 at 9-10.) To the contrary, both Counts Two and Three specifically allege additional statements/communications made outside of the judicial proceeding:

> SDG communicated private, personal, confidential and, in some instances, privileged communications between Defendants to a third party, specifically, a high ranking employee of Tilson.

(ECF # 28 at ¶¶ 41, 50; *see also* ¶¶ 26-27.)

SDG should not be permitted to use the litigation privilege to insulate itself from liability for its tortious and illegal acts on the one hand while brandishing it as a sword in an effort to unfairly compete against Defendants on the other.  Indeed, the unauthorized access of the Facebook messages, and the subsequent communication of those messages to Tilson form the basis for the claims.

On this basis alone, Defendants have sufficiently pled that SDG published comments to Tilson—an SDG customer—to damage Defendants.  SDG's motion should be dismissed.

Moreover, SDG's motion can be and should be denied for the related reason that the First Amended Counterclaim more than adequately alleges – and Defendants are confident they will prove – that they have suffered damages separate and apart from the publication of the intercepted messages in the Complaint.   New Jersey has adopted the formulation set forth by the California Supreme Court to determine whether a defendant is entitled to the protections of the litigation privilege.  *See Hawkins v. Harris*, 141 N.J. 207, 215 (1995). And California courts have held that where, as here, "damages separate from the litigation are demonstrated, the alleged wrongful, potentially criminal activity, is not immunized." *Scalzo v. Baker*, 185 Cal. App. 4th 91, 102 (Cal. Ct. App. Apr. 28, 2010).[2]

### IV. DEFENDANTS' CLAIMS FOR PUBLIC DISCLOSURE OF PRIVATE FACTS AND FALSE LIGHT INVASION OF PRIVACY ARE LEGALLY SUFFICIENT

SDG is incorrect in the assertion that Counts II and III of the Counterclaim must fail as a matter of law. Indeed, while both causes of action require publicity, the fact that actual copies of

---

[2] In *Kimmel v. Goland*, 51 Cal. 3d 202 (1990), the California Supreme Court addressed factual circumstances strikingly similar to those facts presented in the First Amended Counterclaim. There, in advance of litigation, the parties had secretly tape-recorded conversations.  On those facts, the court refused to apply the litigation privilege because the damages arose not from the publication of the statements in the litigation, but from their recording. *Id.* at 212.

unredacted messages between the individuals were published in the Complaint is sufficient to meet the "publicity" requirement. *See W.P. v. Princeton Univ.*, 2016 U.S. Dist. LEXIS 180235 at *8 (D.N.J. Dec. 30, 2016). In *W.P.*, this Court found that the litigation privilege was not applicable where unredacted copies of letters were attached to Defendant's motion to dismiss. *Id.* In finding that the privilege did not apply, the court noted that the Plaintiff did not object to the attachment of the letters to the pleading, but rather, to the attachment of unredacted letters.

As in *W.P.*, the litigation privilege is irrelevant here, where Defendants' personal and private messages illegally obtained by Plaintiff were placed into the public sphere unilaterally, and Defendants did not have any opportunity to petition the Court to prevent the dissemination of their confidential information. This publication, coupled with the prior disclosures to Tilson, meets the requisite "publicity" to state claims for Invasion of Privacy by Public Disclosure of Private Facts and False Light Invasion of Privacy.

**V.     CONCLUSION**

For the foregoing reasons, this Court should deny SDG's motion to dismiss Counts II and III.

                                              Respectfully submitted,

                                              *s/ David C. Kistler*

                                              **DAVID C. KISTLER**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 28, 2018, a true and correct copy of the foregoing was served upon the following via CM/ECF:

>Ronald D. Coleman
>Mandelbaum Salsburg P.C.
>3 Becker Farm Road
>Roseland, NJ 07068

>*/s/ David C. Kistler*
>David C. Kistler